191 So.2d 713 (1966)
Hershel ROGERS et ux., Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY et al., Defendants-Appellees.
No. 10685.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1966.
Rehearing Denied November 29, 1966.
Writ Refused January 20, 1967.
Roy M. Fish, Springhill, for appellants.
Lunn, Irion, Switzer, Trichel & Johnson and Cook, Clark, Egan, Yancey & King, Shreveport, for appellees.
Before GLADNEY, AYRES and BOLIN, JJ.
*714 BOLIN, Judge.
Hershel W. Rogers and his wife, Mineola Young Rogers, sue Ford Motor Company, Wray Ford, Inc., and their respective insurers for damages allegedly suffered by plaintiffs as the result of the sudden forward movement of a faulty front seat in a Ford automobile which was involved in an accident while Mrs. Rogers was driving. The wife seeks damages for personal injuries and the husband for special damages incurred by the community. Mrs. Dolly Rogers, wife of Claude Rogers, was a guest in the vehicle at the time and she and her husband also sue these same defendants for personal injuries and special damages allegedly resulting from the accident. The cases were consolidated and the case of Rogers et ux. v. Ford Motor Company, et al. is reported in 191 So.2d 715. From judgment rejecting plaintiffs' demands in the consolidated cases, they appeal.
The automobile involved was purchased by Claude Rogers from Wray Ford, Inc., on August 20, 1963. On September 14, 1963, Mineola Rogers accompanied by her sisterin-law, Dolly Rogers, was driving on Crockett Street in Shreveport, Louisiana, when an unknown driver cut directly in front of the Rogers car at a high rate of speed forcing Mrs. Rogers to veer to the left, strike the curb, and finally hit a brick building across the sidewalk. In the ensuing accident Mrs. Mineola Rogers' principal injuries consisted of a broken left ankle and Mrs. Dolly Rogers had her right ankle broken.
Plaintiffs' cause of action is predicated principally upon the theory that the manufacturer and vendor of the automobile are liable to plaintiffs for the reason that the locking device on the front seat, which allowed it to be moved backward and forward by means of a lever, was defective; that due to the defect, when the vehicle struck the curb and building the seat slid forward, catching the ankles of the respective plaintiffs underneath the seat and inflicting the injuries for which damages are sought. Plaintiffs also rely on the evidentiary doctrine of res ipsa loquitur.
Defendants offer several defenses, the primary one being that plaintiff failed to prove, by a preponderance of evidence, that the accident was caused by any fault of defendants. They alternatively plead that both plaintiffs are guilty of contributory negligence based on the contention the accident was due to the negligence of Mrs. Rogers in jerking the steering wheel of the vehicle so violently as to cause it to jump over the curb and collide with the building. Defendants also alleged alternatively in the companion suit that Mrs. Dolly Rogers was guilty of contributory negligence in permitting an inexperienced and unqualified person to operate her automobile knowing that the operator was not familiar with the operation of automobiles equipped with power steering. It is claimed that the negligence of each of the occupants of the car is imputable to their respective husbands.
Although we do not intend to minimize the seriousness of the injuries suffered nor the authenticity of the legal theories advanced by astute counsel for plaintiffs, we think the resolution of the factual and legal questions presented is relatively simple since there is very little contradiction in the testimony.
The testimony of the two ladies was that as the car struck the curb the front seat came forward and caught the ankles of each lady inflicting the principal injuries they sustained. The car subsequently struck the building and each of the ladies was rendered unconscious or semiconscious, neither remembering very much about what occurred thereafter.
To support plaintiffs' theory, that the vendor and the manufacturer are liable for the injuries suffered by the two occupants of the car, plaintiffs produced J. H. Barnwell, a professor of Mechanical Engineering at Louisiana Polytechnic Institute, as an *715 expert witness. Professor Barnwell examined the automobile on March 21, 1964. His testimony indicated that in his opinion there were two defects in the design of the front seat of the car. One was the location of the lever which operated the latching mechanism of the track on the front seat to move it backward and forward. The other defect, according to him, was the absence of a locknut on the turnbuckle yoke which was used in adjusting the tension on the locking studs, or "pawls", that held the seat in the proper position on its track on the righthand side of the front seat. As we view Professor Barnwell's conclusion, he was of the opinion that the location of the lever, which operated the locking mechanism on the left side, in a position directly beneath or beside the driver's left foot, constituted a hazard and was the principal cause of the seat moving forward. Inadvertent operation of this lever, according to Professor Barnwell, would result in movement of the seat forward if the seat were in a back position.
As the trial judge observed in his reasons for judgment, which were incorporated in the transcript of testimony, the two ladies suffered severe injuries in the accident which is regrettable, but liability in tort suits must be assessed according to law. In our view, the sole question presented is whether plaintiffs have proved fault against defendants under Louisiana Civil Code Article 2315. It is fundamental that in order for plaintiffs to recover in a damage suit it is incumbent upon them to prove their case by a reasonable preponderance of evidence.
Without going into the testimony in detail we are in accord with the finding of the trial court that the evidence, when viewed in the light most favorable to plaintiffs, compels rejection of plaintiffs' demands. To find the accident was caused by the fault of either the manufacturer or the vendor of this automobile it would be necessary for us to indulge in unwarranted conjecture and speculation. In tort cases it is not the duty of the court to determine how accidents happen; rather, our function is to determine by whose fault the damage was caused.
We conclude insufficient evidence has been adduced to prove, to the degree of certainty required under our jurisprudence, that the injuries were caused by the front seat moving forward as a result of defect in construction or design.
Having reached the conclusion that plaintiffs have failed to prove the injuries received by them were caused by the fault of the manufacturer or vendor of the automobile, it is unnecessary for us to pass on the alternative pleas.
For the reasons assigned the judgment appealed from is affirmed at appellants' cost.
Affirmed.